FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

August 25, 2020

No. 04-18-00498-CV

**MWM HELOTES RANCH, LTD.** and Myfe Moore,
Appellants
v.
John H. **WHITE** Jr., Individually; John H. White III, Individually; John H. White Jr., John H. White III, and Molly C. White, in their capacities as Co-Trustees of the 1983 John H. White Long-Term Trust F/B/O John H. White Jr., and of the 1976B Partnership Trust; TCW Helotes Ranch Ltd; and Tuleta White,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI11563
Honorable David A. Canales, Judge Presiding

# O R D E R

The court's opinion in this appeal issued on April 8, 2020. Appellants timely filed a motion for extension of time to file a motion for rehearing. TEX. R. APP. P. 49.8, 49.1. The motion was granted and the deadline was extended to May 26, 2020 for the filing of a motion for rehearing.

On June 30, 2020, appellants filed their motion for rehearing requesting that the opinion and judgement be vacated. Appellees filed an "Objection to Appellants' Untimely Motion for Rehearing and Request for Issuance of the Mandate" asserting this court no longer has jurisdiction to consider the motion for rehearing. Appellants subsequently filed a "Response to Appellees' Objection to Motion for Rehearing and in the Alternative Request for Extension of Time to File Motion for Rehearing." Appellees filed a reply in support of their objection and request for issuance of the mandate.

A court of appeals' plenary power over its judgment expires "60 days after judgment if no timely filed motion for rehearing or en banc reconsideration, or timely filed motion to extend time to file such a motion, is then pending" or "30 days after the court overrules all timely filed motions for rehearing or en banc reconsideration, and all timely filed motions to extend time to file such a motion." TEX. R. APP. P. 19.1(a). After obtaining a first extension of time, appellants' motion for rehearing was due on May 26, 2020. A second motion for extension of time to file the motion for rehearing was due within fifteen days, i.e., June 10, 2020. TEX. R. APP. P. 49.8 (providing a fifteen-day grace period after the last date for filing a motion for rehearing or en banc reconsideration). No second motion for extension was ever filed by appellants. To the extent appellants relied on this court's en banc order issued on May 22, 2020, the order by its plain language only applied to extend the deadline for filing briefs in pre-

submission cases to June 30, 2020; it had no effect on the deadline for filing a motion for rehearing. To the extent appellants relied on a June 23, 2020 phone call to the clerk's office as "confirmation" that no further motion for extension was necessary to extend the motion for rehearing deadline to June 30, 2020, our jurisdiction over this case had already expired by June 23, 2020. *See* TEX. R. APP. P. 19.1(a). Under the rules of appellate procedure, we no longer have jurisdiction to grant a motion for extension of time to file the motion for rehearing or to consider the merits of appellants' untimely-filed motion for rehearing. *See* TEX. R. APP. P. 19.1, 19.3 (after its plenary power expires, a court of appeals cannot vacate or modify its judgment).

Accordingly, it is ORDERED that appellants' motion for rehearing is DENIED for want of jurisdiction. It is FURTHER ORDERED that the mandate shall be issued immediately. TEX. R. APP. P. 18.1, 19.3(b).

_____
Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 25th day of August, 2020.

_____
MICHAEL A. CRUZ, Clerk of Court